UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| AHMAD AL-HAYDAR, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:13-CV-1704-DDN |
| ) | |
| IMMIGRATION AND ) | |
| CUSTOMS ENFORCEMENT, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on petitioner's pro se "Motion to Transfer Detainer to the U.S. District Court and Request Immediate, Emergency Hearing" [Doc. #1]. For the reasons stated below, the Court will liberally construe the petition as having been brought under 28 U.S.C. § 2241 and will dismiss this action for lack of subject matter jurisdiction.

### The Petition

Petitioner, who is originally from Iraq, states that he is being detained at the Lincoln County Jail in Troy, Missouri, pending an investigation for deportation. He brings this action, arguing that he does not qualify for deportation and requesting that

he be "returned to his family." The named respondent is the Immigration and Customs Enforcement ("ICE").

Petitioner states that he has been a United States refugee since 2000. In 2008, he was convicted in the Circuit Court of Jackson County, Missouri, of one count of sexual assault and was sentenced to seven years in the Missouri Department of Corrections ("MDOC"). Petitioner states that his sentence expired on August 17, 2013; however, the MDOC issued an order "to detain [him] for an investigation for deportation." It appears that petitioner is currently in the custody of ICE.

In the instant § 2241 petition, petitioner asserts that he should not be deported, because his conviction did not occur within five years after being admitted to the United States, his conviction does not qualify him for deportation, his conviction was unconstitutional,[1] and his deportation "would cause his immediate demise," given that he has worked with the Federal Bureau of Investigations on "several high profile cases of critical importance." In addition, petitioner states that he currently is suffering from kidney cancer and if he is deported, he will be "deprived of critical medications and competent medical care . . . which will cause his death."

---

[1] Petitioner states that he is challenging the constitutionality of his conviction in a habeas corpus action presently pending in the United States District Court for the Western District of Missouri. *See Al-Haydar v. Hurley*, No. 13-0591-CV-W-NKL-P (W.D. Mo.).

**Discussion**

Having carefully reviewed petitioner's allegations, the Court will summarily dismiss the instant action for lack of subject matter jurisdiction. This Court lacks jurisdiction over "any action taken or proceeding brought to remove an alien from the United States"; judicial review of such an order "or such questions of law or fact" lies solely with an appropriate federal court of appeals. 8 U.S.C. § 1252(a)(2)(D), (a)(5), and (b)(2) and (9). Congress has vested the federal court of appeals, not the federal district courts, with exclusive jurisdiction over matters involving orders of removal. *See* 8 U.S.C. § 1252(a)(5), (b)(2) and (9), and (g). As such, petitioner's sole recourse relative to challenging his deportation proceedings lies with the United States Court of Appeals for the Eighth Circuit.

Moreover, to the extent that petitioner is requesting an order directing his release from ICE custody pending the completion of his deportation proceedings, the Court finds that petitioner has failed to state a cognizable basis for habeas corpus jurisdiction under 28 U.S.C. § 2241. Petitioner does not assert a violation of his Constitutional rights, but rather, appeals to this Court as "a venue better suited to conduct the requisite [deportation] hearings" to grant him an emergency hearing and return him to his family. This is not a basis for federal court habeas jurisdiction.

For these reasons, the Court will dismiss this action for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's "Motion to Transfer Detainer to the U.S. District Court and Request Immediate, Emergency Hearing" [Doc. #1] is **DENIED**, without prejudice, for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this <u>15th</u> day of November, 2013.

<u>/s/Jean C. Hamilton</u>
UNITED STATES DISTRICT JUDGE
